UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. V., a minor, by and through her Guardian ad Litem Arthur Tan,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,[1]<br><br>    Defendant. | Case No. 5:13-cv-01170-HRL<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 24 |

    Violeta Duran sought disability insurance benefits and supplemental security income, alleging disability since June 1, 2009 due to a Nissen fundoplication surgery (i.e., stomach surgery to prevent reflux) and complications stemming from that procedure; Chronic Fatigue Syndrome (CFS); depression (grief); hiatal hernia in the stomach; stomach pain; diarrhea; nausea; vomiting; gastroparesis; and hypothyroidism. The administrative law judge (ALJ) concluded that most of these alleged ailments were not supported by the medical evidence (or had been resolved) and were not severe. There was, however, no dispute that Duran suffered from CFS and that her condition was a severe impairment. Although the ALJ found that Duran was unable to perform

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is substituted in place of Carolyn W. Colvin.

any past relevant work, he concluded that she had the residual functional capacity (RFC) to perform a modified range of sedentary work. In making that determination, the ALJ gave little weight to the opinion of Dr. Jose Montoya, the treating physician who diagnosed Duran's CFS and opined that her condition was disabling. The ALJ also discredited Duran's allegations as to the intensity, persistence and limiting effects of her symptoms to the extent they were inconsistent with the assessed RFC. Instead, the ALJ gave significant weight to the opinion of medical expert, Dr. Gerber, who testified at the administrative hearing that plaintiff can perform sedentary work.

Pursuant to 42 U.S.C. § 405(g), Violeta Duran appealed the Commissioner's decision to deny benefits, arguing that the ALJ erred in giving Dr. Montoya's opinion little weight and crediting that of Dr. Gerber instead. She also contended that the ALJ improperly discredited her subjective complaints. The court granted Duran's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the case for payment of benefits. Judgment was entered accordingly.[2]

Pursuant to Fed. R. Civ. P. 59(e), the Commissioner moves to alter or amend the judgment. She does not challenge the decision to remand this case. Instead, she contends that the court erred in applying the credit-as-true doctrine and remanding for benefits, rather than for further administrative proceedings. The matter is deemed suitable for determination without oral argument. Upon consideration of the moving and responding papers, the court denies the motion.

**LEGAL STANDARD**

Fed. R. Civ. P. 59(e) provides that a party may move to have the court amend its judgment. "'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the

---

[2] After entry of judgment, Duran's counsel advised that Duran died. The record does not indicate the cause of death. Duran's minor daughter, J.V., has since substituted into this proceeding through her court-appointed guardian ad litem.

2

judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* Even so, amending a judgment is an extraordinary remedy that should be used sparingly. *Id.* Additionally, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

**DISCUSSION**

The Commissioner argues that the court committed manifest error in applying the credit-as-true doctrine and remanding for payment of benefits, rather than for further proceedings. For the record, the Commissioner states that she disagrees with Ninth Circuit precedent allowing a reviewing court to apply the credit-as-true doctrine. This court is nonetheless bound by that precedent. In the Ninth Circuit, a court may credit evidence that was rejected during the administrative process and remand for an immediate award of benefits where: (1) the ALJ failed to provide legally sufficient reasons to reject a claimant's testimony or a medical opinion; (2) the record has been fully developed; and (3) if the evidence were credited, the ALJ would be required to find the claimant disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even when all three criteria are met, the court retains discretion to remand for further proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *see also Treichler*, 775 F.3d at 1102.

Inasmuch as the Commissioner does not challenge the decision to remand the case, this court finds no issue as to whether the ALJ failed to provide legally sufficient reasons to discount Duran's testimony or Dr. Montoya's opinion. Indeed, the Commissioner appears to acknowledge that the ALJ did not properly assess the record evidence, particularly as to the opinions of Drs. Montoya and Gerber. (Dkt. 29, Reply at 4-5). The Commissioner instead argues that the matter should be remanded for further proceedings so that the ALJ can fully develop the record to correct his errors. For the reasons to be discussed, the Commissioner has not persuasively argued that

3

there are outstanding issues to be resolved or that further administrative proceedings would be useful for any other purpose.

First, the Commissioner argues that this court erroneously concluded that testifying medical expert Dr. Gerber did not consider any evidence other than records from Dr. Montoya. The Commissioner apparently challenges the following portion of this court's order:

> The ALJ adopted Dr. Gerber's opinion, stating that he found it to be consistent with the record as a whole. But, the ALJ did not identify what evidence, if any, contradicts Dr. Montoya's clinical findings. Indeed, the record indicates that Dr. Montoya and Dr. Gerber simply reached different conclusions based on the same findings. At the hearing, when asked "what's going on in [plaintiff's] file physically?" Dr. Gerber identified Dr. Montoya's November 30, 2010 letter as the most important piece of evidence: "Well, the --- I think the most important factor in the file is the extensive and detailed letter from the treating physician, Dr. Montoya. . . . He does document the elements of chronic fatigue syndrome, and he does, in his letter, I think appropriately mention refraining from strenuous physical activity." (AR 83). "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn*, 495 F.3d at 632. In this case, Dr. Gerber did not even examine Duran and his conclusions are not based on any independent findings.

(Dkt. 22, Summary Judgment Order at 7-8).

Pointing out (as it did on summary judgment) that Dr. Gerber considered Exhibits 1F-18F, the Commissioner contends that this court erred in concluding that Dr. Gerber based his testimony only on Dr. Montoya's medical records and treating those records as "the paramount or solely dispositive piece of evidence in the record." (Dkt. 24, Mot. at 7). Firstly, this court did not single out Dr. Montoya's records. Dr. Gerber is the one who testified that he found those records to be the most salient in Duran's file. While Duran alleged a number of impairments, her CFS was the only one at issue in this appeal; and, records pertinent to Duran's CFS came from Dr. Montoya. The Commissioner does not identify anywhere in the record where Dr. Gerber cited evidence that conflicted with Dr. Montoya's opinion---save for Dr. Gerber's own disagreement as to the degree of limitations about which Dr. Montoya opined.

The Commissioner nevertheless argues that remand for further proceedings (not benefits) is required under *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090 (9th Cir. 2014) and *Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014). As discussed above, under the credit-as-true

4

doctrine, a district court has discretion to remand a case for further administrative proceedings or for a finding of disability and award of benefits. "'*Treichler* does not disturb this longstanding principle, and in fact, reiterates that the remand for benefits is discretionary.'" *Page v. Colvin*, No. 14-cv-02870-DMR, 2016 WL 6835075, at *5 (N.D. Cal., Nov. 20, 2016) (quoting *Rustamova v. Colvin*, 111 F. Supp.3d 1156, 1163 (D. Or. 2015)). In *Treichler*, the Ninth Circuit clarified that at the second step of the credit-as-true analysis, the court assesses "whether there are outstanding issues requiring resolution before" crediting the claimant's testimony as true. 775 F.3d at 1105-06. An ALJ's legal error, standing alone, does not require a court to accept a claimant's testimony as true. *Id.* at 1106. Rather, "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.* at 1101; *see also Burrell*, 775 F.3d at 1141 (rejecting the argument that the ALJ's legal error left the court with no choice but to credit as true the claimant's testimony and the opinion of her treating physician).

The Commissioner argues that further proceedings are necessary because the ALJ did not fully develop the record in assessing the opinions of Drs. Montoya and Gerber. The Commissioner never suggested that the record was not fully developed until after judgment was entered in Duran's favor. And, the court does "not countenance a legal strategy of reserving argument as to why the record is incomplete until after the entry of an adverse judgment." *Castillo v. Colvin*, No. 14-cv-03140-JCS, 2016 WL 1559692 at *5 (N.D. Cal., Apr. 18, 2016). In any event, this court is unpersuaded that this is a situation where the ALJ failed to fully develop the record; and, a remand for further proceedings cannot be used to simply give an ALJ a second bite at the apple. As stated by another court in this district:

> Following the Commissioner's position to its logical extension, the Commissioner appears to contend that under *Treichler*, a court may never rely on a treating physician's opinion under the credit-as-true rule unless there are no conflicts or ambiguities in the medical evidence for the ALJ to resolve. The court declines to interpret *Treichler* in this way. Medical evidence is, of course, rarely if ever unanimous in such proceedings. The ALJ had a full opportunity to perform a proper analysis of the medical evidence, but failed to do so in this case. The *Treichler* rule should not be interpreted to require that an ALJ be given a second chance to do what the ALJ should have done correctly in the first place.
>
> Indeed, as another court has noted, "[t]he credit-as-true doctrine incentivizes careful analysis during an ALJ's first review of the credibility

5

United States District Court
Northern District of California

> of medical evidence and promotes efficient and timely final decisions for claimants, many of whom 'suffer from painful and debilitating conditions, as well as severe economic hardship.'" *Hatfield v. Colvin*, No. 14-cv-03262-JCS, 2016 WL 1394281, at *6 (N.D. Cal. Apr. 8, 2016) (quoting *Garrison*, 759 F.3d at 1019-20 (internal quotation omitted)). "[I]if grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision." *Garrison*, 759 F.3d at 1020 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) (brackets in original)). As the Ninth Circuit noted in *Garrison*, "[Ninth Circuit] precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." 759 F.3d at 1021.

*Page*, 2016 WL 6835075, at *6. Here, the Commissioner's own arguments are telling. The opposition contends that, in view of Duran's death, no further administrative proceedings are possible. The Commissioner responds that "new testimony is not required to adjudicate this application, as the ALJ must simply issue a new decision, with proper analysis based on the evidentiary record already available and any additional medical expert testimony to clarify the outstanding issues regarding the validity of Dr. Montoya's opinion and the treatment Plaintiff already received." (Reply at 5). This strikes the court as simply an argument that the Commissioner should be given a "do-over" on the record already presented to fix the ALJ's errors.

The Commissioner contends that further administrative proceedings are required to address outstanding factual issues as to alleged gaps in Duran's treatment for CFS. This court disagrees. On summary judgment, the Commissioner argued that the ALJ properly rejected Dr. Montoya's opinion based on purported gaps in plaintiff's visits that he found to be inconsistent with the alleged limitations in Duran's everyday functioning. In addressing that argument, this court stated that "it is not clear why the timing of these visits is inconsistent with accepted medical practice for the type of treatment or evaluation required for plaintiff's CFS." (Dkt. 22 at 8). But, the Commissioner's argument ultimately was rejected because the court was unpersuaded that Dr. Montoya's allegedly sporadic examinations were a reason to give his opinion less weight than that of Dr. Gerber, who never examined Duran at all. (*Id.* at 8-9).

The Commissioner nevertheless maintains that further administrative proceedings are necessary because the record as a whole creates serious doubt that Duran was disabled. Here, the Commissioner takes issue with this court's finding that the ALJ erred in discrediting Duran's

6

subjective complaints based on her daily activities. The ALJ discounted Duran's credibility, in part, because he found that she was able to care for her 10-year old child, as well as run errands, pay bills, and do household chores, all without any particular assistance (except for some help from her child with household chores). This court found error because the record indicated that Duran cared for her child and carried on activities of daily living without assistance because she had no other choice. (Dkt. 22 at 11-12). In this particular case, the record demonstrated that Duran was a single mother whose parents were deceased and who had a brother; but, Duran lived alone with her child and received no assistance from the child's father or anyone else. (*Id.*).

The Commissioner contends that "[t]o the extent this Court focused on case law, which states that daily activities are not relevant if they do not transfer to the demands of a work setting, there is a separate line of cases, which state that transferability is not relevant if the activities simply show that the claimant is more active or functional than alleged." (Dkt. 24, Mot. at 8). The relevance (or not) of transferability, however, was not the point; indeed, the court noted that the ALJ found that transferability of skills was not an issue because Duran's past relevant work was unskilled. (Dkt. 22 at 12). Rather, the court cited a number cases for the proposition that merely because a claimant carries on certain daily activities does not detract from her credibility as to her overall disability. *See Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) (rejecting the significance the ALJ attached to child care because the claimant "must take care of her children, or else abandon them to foster care or perhaps her sister, and the choice may impel her to heroic efforts."); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.") (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a plaintiff need not "vegetate in a dark room" in order to be eligible for benefits).

"The Ninth Circuit has consistently remanded for an award of benefits in cases where the VE [vocational expert] was posed a hypothetical that included the RFC that the plaintiff would

possess if the improperly discredited opinions or testimony were taken as true." *Potter v. Colvin*, No. 14-cv-02562-JSC, 2015 WL 3992944, at *5 (N.D. Cal., June 30, 2015) (citing cases). Here, the ALJ posed a hypothetical to the VE that attributed *greater* capabilities to the hypothetical claimant than Dr. Montoya did for Duran. (Dkt. 22 at 3). The VE testified that a person with such limitations would not be able to perform any past relevant work, that there were no transferrable skills, and that there were no other jobs she could perform. (*Id.*). Duran's testimony, combined with Dr. Montoya's opinion, as well as that of the VE, must lead to the conclusion that Duran could not perform her past work or any other work.

The court remains satisfied that the record establishes Duran's disability, there are no outstanding issues to resolve, there is no serious doubt that Duran was disabled, and further administrative proceedings would not be helpful. Under these circumstances, remand for payment of benefits is appropriate.

**ORDER**

Based on the foregoing, the Commissioner's motion to alter or amend the judgment is denied.

SO ORDERED.

Dated: May 1, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-01170-HRL Notice has been electronically mailed to:

Alex Gene Tse     alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

Donna Wade Anderson     Donna.W.Anderson@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Laura E Krank     laura.krank@rksslaw.com, mayra.pulido@rksslaw.com

Shea Lita Bond     shea.bond@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov